STATE EX REL. PEW, RELATOR, v. PORTER, STATE AUDITOR, RESPONDENT.

(No. 4,594.)

(Submitted April 8, 1920. Decided April 19, 1920.)

[189 Pac. 618.]

*Mandamus — State Auditor — Powers — Attorney General — Scope of Duties—State Efficiency and Trade Commission—Assistants—Compensation.*

1. Chapter 184, Laws of 1919, authorizes the state efficiency and trade commission to employ persons skilled in the science of state and municipal government to aid it in its investigations. The relator was appointed to prepare for its use a survey of all the state offices, bureaus, *etc.*, as well as a concise digest of the laws governing them. The relator's claim for compensation was approved, but the state auditor declined to draw his warrant for the amount of the claim on

the ground that the services performed by the relator were such as are required to be performed by the attorney general. *Held*, on *mandamus*, that the duties of the attorney general as defined by the Constitution, the statutes and the common law in so far as it is in force in Montana, do not include the rendition of the services performed by relator; that under the Act creating it, the commission is clothed with a wide discretion in carrying its provisions into effect, and that, in the absence of fraud or manifest abuse thereof in the employment of relator, the state auditor was without power to refuse to issue a warrant.

Original application for a writ of *mandamus*, on the relation of Chas. E. Pew against George P. Porter, State Auditor. Writ granted.

*Mr. Jas. A. Walsh,* for Relator, argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Woody* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By an Act approved March 10, 1919 (Chap. 184, Laws 1919), a state efficiency and trade commission was created, its powers and duties defined, and an appropriation made to defray its expenses. The commission was charged with the duty of making a comprehensive investigation of the financial and business policies of the state, its various offices, bureaus, boards and commissions, for the purpose of detecting abuses, inefficiencies and unnecessary expenditures of public money, devising ways and means for correcting the same, and suggesting a general plan for the economical administration of the business affairs of the state. The commission was required to report to the Governor on or before November 1, 1919, and to include in its report specific recommendations designed to correct the deficiencies found to exist and to prepare and submit proposed legislation necessary to carry the recommendations into effect.

The Act provides, among other things: "The commission is [1] authorized * * * to employ such expert accountants,

persons especially skilled in the science of state and municipal government, stenographers *and other assistants* as shall be necessary to carry out the purpose for which said commission is created." (Sec. 2.)

After its organization, the commission employed C. E. Pew to prepare for its use a complete survey of all offices, boards, bureaus and commissions through the agency of which the business of the state is conducted, and also to prepare a concise digest of the laws governing the creation and the powers and duties of each such office, board, bureau or commission. The employment was accepted and the services performed to the satisfaction of the commission. Thereafter Mr. Pew presented his claim for compensation in the sum of $1,000, which claim was approved, indorsed by the chairman, audited and allowed by the state board of examiners, and a warrant ordered drawn by the state auditor. The auditor refused to draw the warrant and this proceeding was instituted to compel him to do so.

The defendant appeared by motion to quash the alternative writ, and in support of the motion urges that the services required of Mr. Pew were such services as are required to be performed by the attorney general, and therefore the commission was without authority to incur a liability on behalf of the state for such services. There is not any merit whatever in the contention. The duties of the attorney general are defined by the Constitution, by the statutes, and by the common law in so far as it is in force in this state, but nowhere, either by express declaration or by fair intendment, is the attorney general required to perform services of the character indicated. The duties defined by the Constitution attach themselves to the attorney general only by virtue of his membership on particular boards. The duties appertaining to the office at common law are classified and enumerated in general terms in the note to 6 C. J. 809, and the statutory duties are defined by section 193, Revised Codes.

Defendant relies upon the decision of the Oregon court in *Gibson* v. *Kay,* 68 Or. 589, 137 Pac. 864. In that case the cor-

poration commissioner of Oregon appointed one McColloch, a state senator, as his assistant to perform certain services, and the proceeding involved the question of the authority of the commissioner to incur a liability on behalf of the state for such services. The court stated that the duties of the appointee were essentially those of an attorney; that the state had made ample provision for legal advisers for the state and its interests; that the terms "clerks, stenographers and assistants" were not sufficiently comprehensive to include attorneys, but based its decision entirely upon the proposition that a member of the legislative assembly which enacted the statute under which the appointment was made was, by the provisions of the Constitution of Oregon, disqualified to accept the appointment or to render the services. By way of *obiter* the court observed that the duties imposed upon McColloch were such as were required to be performed by the attorney general or district attorneys, but the statutes of Oregon which define the duties of those officers are so much broader than are the provisions of section 193 above that the same rule would not prevail here, if that ground of objection had been considered by the Oregon court as a deciding factor, which was not done.

By the provisions of Chapter 184 above, the commission was clothed with broad, general powers and wide discretion in carrying into effect the purposes of the Act. The legislature saw fit to confer upon the commission the authority to determine what assistants were necessary, and in the absence of fraud or a manifest abuse of discretion its determination is conclusive. There is no provision of law under which the auditor is authorized to substitute his judgment as to the necessity or propriety of the appointment for that of the commission. We do not agree with the defendant that the services required could have been performed only by an attorney, and the fact that Mr. Pew is an attorney does not change the character of the work.

It is not questioned that the services rendered were necessary nor that they were of the reasonable value set upon them,

and there is not any excuse for the refusal of the auditor to perform the plain duty devolved upon him by virtue of his office.

The motion to quash is overruled, and the peremptory writ will issue forthwith.

ASSOCIATE JUSTICES HURLY, MATTHEWS and COOPER concur.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.